IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NORMA GRAY, | : | CIVIL ACTION |
| Plaintiff, | : | NO. 12-4687 |
| v. | : | |
| BANK OF AMERICA, | : | |
| Defendant. | : | |

## MEMORANDUM

**Jones, II, J.**                                                                                                           **March 19, 2013**

      Presently before this Court is Defendant Bank of America's Motion to Dismiss the *pro se* Complaint of Plaintiff Norma Gray.[1] For the reasons that follow, the Motion is granted, and the Complaint is dismissed without prejudice and with leave to file an amended complaint.

## I.    LEGAL STANDARD

      In deciding a motion to dismiss pursuant to Rule 12(b)(6), courts must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008). After the Supreme Court's decision in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), "threadbare recitals of a cause of action's elements, supported by mere conclusory statements" do not suffice. *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is

---

[1] Defendant's Motion was filed of record on January 8, 2013, and contains a certificate of service attesting that it was served on Plaintiff at her address of record by certified and regular United States mail. Plaintiff has failed to file a Response to the Motion.

liable of the alleged misconduct." *Id*. (citing *Twombly*, 550 U.S. at 556). This standard, which applies to all civil cases, "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678; *accord Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) ("All civil complaints must contain more than an unadorned the-defendant-unlawfully-harmed-me accusation."). Moreover, "the factual detail in a complaint [must not be] so undeveloped that it does not provide a defendant [with] the type of notice of claim which is contemplated by Rule 8 [of the Federal Rules of Civil Procedure]." *Villegas v. Weinstein & Riley*, *P.S.*, 723 F. Supp. 2d 755, 756 (M.D. Pa. 2010) (quoting *Phillips*, 515 F.3d at 232). The sufficiency of a *pro se* pleading must be construed liberally in favor of a plaintiff, even after *Iqbal*. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Finally, a complaint should not be dismissed with prejudice for failure to state a claim without granting leave to amend, unless the Court finds bad faith, undue delay, prejudice or futility. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 110-11 (3d Cir. 2002); *Shane v. Fauver*, 213 F.3d 113, 117 (3d Cir. 2000).

## II. FACTS

Plaintiff's Complaint alleges in its entirety that "the Defendant is in fact a Note Holder in due Course and has standing as a real party in interest in this Promissory Note as Plaintiff has reason to believe the Defendant has sold the Note under 'Mortgage Backed Securities instrument' to investors under a pooling of interest and did not credit the Plaintiff for is [sic] sale." (Compl. ¶ 2.) She references 18 U.S.C. § 2071,[2] and seeks that Defendant "stipulate via

---

[2] 18 U.S.C. § 2071 provides in its entirety that:

> (a) Whoever willfully and unlawfully conceals, removes, mutilates, obliterates, or destroys, or attempts to do so, or, with intent to do so takes and carries away any record, proceeding, map, book, paper, document, or other thing, filed or deposited with any clerk or officer of any court of the United States, or in any public office, or with any judicial or public officer of the United States, shall be fined under this title or imprisoned not more than three years, or both.

2

Affidavit they [sic] are infact [sic] a Creditor in this loan/Security instrument." (*Id.* ¶ 3.) In the event Defendant is "unable to produce proof of claim, Plaintiff Prays this Court to order Defendant release all claims against Plaintiff and grant the appropriate remedies due to Plaintiff." (*Id.*)

### III. DISCUSSION

This Court finds that Plaintiff's Complaint fails to meet the pleading standard required of litigants in a federal proceeding. Simply stated, the Complaint is devoid of any factual content sufficient to "raise the right to relief above the speculative level." *Twombly*, 550 U.S. at 556. Plaintiff has not even alleged that she has suffered an injury. Her demands that Defendant stipulate that it is her creditor (i.e. that it has not sold the note to another creditor as part of a mortgage backed security) and, if it fails to do so, that this Court release all claims against her, contains no factual explanation to show why this is required, or citation to any legal authority to support such a claim. As she has failed to allege facts showing a plausible claim for relief, Defendants Motion to Dismiss is granted. However, because Plaintiff is proceeding *pro se*, this Court will grant her the opportunity to file an amended complaint to set forth a sufficient factual and legal basis for her claim, as required by Fed. R. Civ. P. 8.

An appropriate order follows.

---

(b) Whoever, having the custody of any such record, proceeding, map, book, document, paper, or other thing, willfully and unlawfully conceals, removes, mutilates, obliterates, falsifies, or destroys the same, shall be fined under this title or imprisoned not more than three years, or both; and shall forfeit his office and be disqualified from holding any office under the United States. As used in this subsection, the term "office" does not include the office held by any person as a retired officer of the Armed Forces of the United States.

In her Complaint, Plaintiff offers no explanation why this statute is relevant to her claim.